Edwin HUBER, Sr. (Plaintiff), Respondent,

v.

WESTERN AND SOUTHERN LIFE INSURANCE COMPANY OF CINCINNATI, OHIO, a Corporation (Defendant), Appellant.

No. 30514.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 13, 1961.

Derrick & Holderle and Tyree C. Derrick, St. Louis, Robert A. McIlrath, Flat River, for appellant.

McClintock &. Medley, Charles W. Medley, Flat River, for respondent.

WOLFE, Presiding Judge.

This is an action on a group accident and health insurance policy issued by the Missouri Insurance Company. That company was taken over by the defendant corporation. The trial resulted in a verdict and judgment for the plaintiff, and defendant prosecutes this appeal.

Plaintiff's petition alleges that the plaintiff was an employee of the Missouri Insurance Company. It is alleged that he had a group accident and health certificate under a group accident and health policy with the Missouri Insurance Company. It is alleged that this policy provided that upon payment of the premium of $5 per month, the insurer was obliged to pay the plaintiff $90 per week if the plaintiff, as a result of illness, was wholly and continuously disabled for a period of 26 weeks. It is also alleged that under the policy the defendant was obliged to pay $76.50 per week for 13 weeks after the expiration of the 26 weeks if the disability so long continued.

It is stated that on April 7, 1957, the plaintiff became continuously disabled and that he was paid $90 per week for 26 weeks and $45 per week for 13 weeks thereafter. He alleged that this payment was $292.50 less than he was entitled to under the policy for the disability mentioned. He stated that on July 31, 1957, he sustained a further illness, and he was continuously and wholly disabled by reason of this for the full period of time previously mentioned, and for this he also seeks recovery in an amount equal to that which he maintains he should have been paid under the first claim for disability.

Plaintiff also makes the following allegation:

"* * * that he had been an employee of defendant and its corporate predecessors in the insurance business for more than twenty years prior to his discharge as an employee of defendant in March, 1957, that at the time of his discharge, defendant promised to pay plaintiff One hundred seven dollars

and fifty cents ($107.50) per week for two weeks as severance pay; that defendant paid plaintiff one sum of ($107.50) One hundred seven dollars and fifty cents but has ever since failed and refused to pay plaintiff the additional sum of One hundred seven dollars and fifty cents ($107.50) due plaintiff although demand has been made upon defendant on numerous occasions since April 8th, 1957."

The answer of the defendant admits that its predecessor issued to the plaintiff the insurance certificate; denies that any more than $45 per week was to be paid under the policy for the last 13 weeks of the disability; and admits that plaintiff's employment terminated on the 25th of March, 1957. The defendant further alleged that the insurance contract carried the following provision:

"TERMINATION OF INSUR-ANCE: The insurance hereunder shall terminate automatically when any monthly premium is in arrears for a period of thirty days or *when the services of the insured with the company are terminated without regard to the cause.* * * *" (Emphasis ours.)

It is alleged that the plaintiff's employment terminated prior to the date of his disability, and that the defendant was not obligated by the terms of the contract to pay the plaintiff any sums whatsoever.

The defendant also counterclaimed, maintaining that the sums it had paid the plaintiff totaling $2,925 were paid by "mistake and inadvertence", and it seeks to recover from the plaintiff the amounts so paid. The plaintiff's reply to the defendant's counterclaim was simply a denial of the allegations contained in it.

Plaintiff's testimony was to the effect that he had been an employee of the Missouri Insurance Company for twenty-one years. For sixteen years of that time he was employed in Farmington, Missouri, as a manager of the district in the Farmington area.

He carried with his employing company a group health certificate issued under a group accident and health policy, and his monthly premium was $5.

The policy provided that if the insured suffered from a totally disabling disease, he would be paid the sum of $90 per week for 26 weeks if the disability so long continued. Section F of the policy provided for an additional payment for a maximum of 13 weeks at the rate of $45 per week.

Huber testified that on January 31, 1957, he suffered a heart attack. He continued to go to the office but he was unable to get out into his territory to fully carry on his work. On March 25, 1957, he had a conference with his superiors in St. Louis. He was told that a new manager would take over the Farmington area, and that he, Huber, would be given a debit in St. Louis. Huber stated that he was too ill to work a debit, and that he told his superiors he would accept the benefits of his insurance policy and take the disability payments provided by it. On April 7, 1957, Huber put in his claim for disability and he was paid $90 a week, except for a few deductions for a "pension fund loan" and $5 monthly for the premium on the policy. Payments so continued until the first 26 weeks had passed, and for 13 weeks thereafter at the weekly rate of $45, less $5 monthly premium.

On July 31, 1957, Huber suffered a stroke which, according to his physician, totally and permanently disabled him. As stated in the petition, he sought in this action to recover under the policy for this second disability an amount equal to that which had been paid him under his first claim for disability. The policy offered in evidence by the plaintiff carries a provision quoted in the defendant's answer relating to the termination of the insurance upon termination of employment.

The defendant offered in evidence and read to the jury that portion of plaintiff's petition which alleged that he was discharged as an employee prior to his claim for any disability. There is also a clause in

the policy which provides in part: " * * * such Insured shall not be entitled to any further or additional Weekly Disability Illness Benefits if the subsequent disability of such Insured is caused in whole or in part by an ailment or disease which caused or produced the previous disability of the Insured." There was medical testimony offered by both the plaintiff and the defendant covering the question of whether or not the heart ailment and the stroke were caused by arteriosclerosis, but because of the view that we have taken of the case such evidence need not be set out.

The first point raised by appellant is that the court erred in denying the defendant's motion to direct a verdict on plaintiff's cause of action at the close of the entire case. The reason asserted is that the plaintiff by his petition admitted judicially that his disability occurred after his employment with the Missouri Insurance Company was terminated, and that the insurance terminated with the termination of his employment.

It will be readily seen that the petition plainly pleaded that the plaintiff was not an employee and that he was insured by virtue of the contract of insurance. The defendant answering pleaded that since the employment terminated prior to the disability, the plaintiff was not under the contract. This was the issue presented by the pleadings in plaintiff's case. It is true that the petition bore little relation to the facts in evidence, but there was never any attempt on the part of the plaintiff to amend his petition to conform to his proof.

■ There is no contention, nor can there be, that the policy by its terms did not terminate with the termination of plaintiff's employment. It is therefore apparent that the plaintiff cannot recover, for, because of his judicial admission, he had no case. The Supreme Court of Missouri, in Wehrli v. Wabash Railroad Company, Mo. Sup., 315 S.W.2d 765, loc. cit. 773–774, quoted with approval the following rule, as stated in 4 Wigmore on Evidence, 3d Ed., pp. 45–46, as follows:

"The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions (*ante* § 1057), but judicial admissions (*post*, § 2588) ; i. e. they are not a means of evidence, but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and therefore a limitation of the issues. Neither party may dispute beyond these limits. Thus, any reference that may be made to them, where the one party desires to avail himself of the other's pleading, is not a process of using evidence, but an invocation of the right to confine the issues and to insist on treating as established the facts admitted in the pleadings.

"This much being generally conceded, it follows that a *party may* at any and all times *invoke the language of his opponent's pleading on that particular issue* as rendering certain facts indisputable; * * *."

It consequently follows that the court had no alternative but to direct a verdict for the defendant on the plaintiff's cause of action, and that it erred in not so doing.

■ The plaintiff here, for the first time, attempts to assert that there was a waiver of the provision terminating the insurance. This requires no discussion, for a case cannot be tried on one theory in the trial court and a different theory on appeal. Contour Chair-Lounge Company v. Laskowitz, Mo. Sup., 330 S.W.2d 817.

■ Since the judgment must be reversed for the reasons stated, the other points raised as to the sufficiency of plaintiff's case need not be considered. There is, however, a charge that the defendant should have had a judgment on its counterclaim for the amount that it had paid to the plaintiff under his first claim for disability. The counterclaim alleges that the payments were made by "mistake and inadvertence". No evidence was offered to prove "mistake and inadvertence", and the allegation does not prove itself.

The judgment on the plaintiff's cause of action is reversed for the reasons stated, and the judgment for the plaintiff on defendant's counterclaim is affirmed.

ANDERSON, J., and O. P. OWEN, Special Judge, concur.