**STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Appellant,**

v.

**Wayne DeLISLE et al., Exceptions of George T. Killion, Mildred Killion, Respondents.**

No. 52916.

Supreme Court of Missouri, Division No. 1.

April 8, 1968.

Robert L. Hyder, Chief Counsel, Jefferson City, George Q. Dawes, Asst. Counsel Sikeston, for appellant.

Roberts & Roberts, by Raymond R. Roberts, Farmington, for respondents.

WELBORN, Commissioner.

Condemnation action. The State Highway Commission appeals from a judgment on a jury's verdict for $110,000. The commission's witnesses testified to damages of $54,000 and $48,750.

The highway commission took 22.39 acres for right-of-way for Interstate Route 55 and Supplementary Route T, plus an easement in 25.12 acres for a "borrow pit" from a 75-acre tract owned by George T. and Mildred Killion in Pemiscot County. The 75-acre tract was situated approximately 1½ miles south of Portageville and was bounded on the west for ½ mile by existing Route U. S. 61 and on the north for ¼ mile by State Supplementary Route T. The right-of-way taken for I-55 approximately bisected the 75-acre tract diagonally, from the southwest corner to the northeast. The area for the borrow pit comprised the portion of the 75-acre tract lying west of the I-55 right-of-way. There also remained of the original tract a triangular-shaped portion of approximately 27.49 acres on the east side of the I-55 right-of-way. This tract fronted upon an access road to be built in conjunction with I-55, with unlimited right of access from the remaining tract to the outer roadway. An overpass carrying Route T over I-55 was to be constructed. For the relocation of Route T an area some 800′ in length and 70 to 105 feet in width, adjacent to the existing Route T right-of-way was taken. The only improvements within the ‘ area taken consisted of a tenant house which the owner elected to remove at a cost of $450 to $500.

On this appeal, the highway commission's first assignment of error relates to the use and introduction into evidence by defendants of a plat. The plat was prepared for defendants by the Pemiscot County surveyor. It was drawn on a scale of 1″ = 100′ and included the quarter section of which Killion's 75-acre tract was the western half, the adjoining quarter section to the north and a portion of the next adjoining quarter section to the north. The plat also included a quarter section owned by Killion, located on the west side of Route 61, and bounded on the south by State Route YY. As shown by the plat, the southeast corner of this 160-acre tract was approximately 600′ north of the northwest corner of Killion's 75-acre tract. The plat showed the right-of-way for existing Routes 61, YY and T, as well as the right-of-way to be taken for I-55 and the relocation of Route T, as such right-of-way existed and would exist within the entire area covered by the plat. All of the right-of-way, existing as well as that to be taken for the I-55 project, was shown in an identical color, described by appellant as "bright red." Killion's remaining 27.49 acres of the 75-acre tract, lying to the east of the I-55 right-of-way, as well as the 160-acre tract to the west of Route 61 was colored blue. The borrow pit area was colored blue, with red cross lines.

The appellant asserts that the plat was erroneously permitted to be introduced in evidence "because the right-of-way being appropriated was colored in bright red, as well as the previously acquired highway right-of-way, and there was not a proper delineation of the boundary lines so the jury could distinguish the old right-of-way from the new right-of-way being appropriated * * *" and because the plat "included four separate and distinct tracts of land not owned by respondents with the Interstate right-of-way projected through each tract so as to exaggerate the appropriation by the state and confuse and mislead the jury."

We find no merit in these objections. "It is a well-established rule, applied in everyday practice in courts, that maps, drawings, and diagrams illustrating the scenes of a transaction and the relative

location of objects, if shown to be reasonably accurate and correct, are admissible in evidence, in order to enable the court or jury to understand and apply the established facts to the particular case. The use of such items as testimony of the objects represented rests fundamentally upon the theory that they represent a method of pictorial communication of a qualified witness which he may use instead of, or in addition to, some other method. Evidence of this character is helpful in aiding the jury to visualize the objects and scenes in the action, and the contention that such evidence is calculated to impress the jury improperly has generally been rejected.

\* \* \* \* \* \*

■ "The admission into evidence of a map, plat, diagram, or other drawing, the manner and circumstances of its use, and its delivery to the jury upon their retirement, is largely within the discretion of the trial judge, and his determination in this respect will be disturbed on appeal only in case of manifest error or an abuse of discretion." 29 Am.Jur.2d, Evidence, § 802, pp. 886–889. Of course, a plat should aid the jury, not confuse or mislead them. Here, defendants' counsel, on presenting the plat, apologized for not having used distinguishing markings for the existing and newly acquired right-of-way. However, the fact that nothing was being taken for Route 61 was clearly explained. Likewise, the added taking for Route T was precisely described by defendants' witnesses. To argue that the jury would not understand such explanations is to demean unjustifiably the intelligence of the jurors. Admittedly, had distinctive markings been employed on the plat, as much explanation might not have been necessary. However, the plat was not the basis for computation of the areas involved. It was merely explanatory and the added explanation which it required could not render erroneous the trial court's ruling admitting it in evidence.

Appellant would equate this plat with the colored photographs held inadmissible in

Faught v. Washam, Mo.Sup., 329 S.W.2d 588. The fact that the plat was colored cannot be relied upon as indication of a capacity to mislead or exaggerate. Color, by and of itself, is not so regarded. Reed v. Shelly, Mo.App., 378 S.W.2d 291, 302–303 [24–26]. Here, the plat was undoubtedly helpful in depicting the property taken from Killion and the property remaining. It permits a much better understanding of the areas affected than a surveyor's description and the use of color did not destroy its merit.

■■ Appellant also attacks the plat as having a tendency to exaggerate because it shows what will be taken for the I-55 project from four tracts owned by others. At the most, this would amount to no more than depicting what anyone must have been immediately aware of, that the I-55 project would affect others than Killion. (The plaintiff placed the plans and specifications for the project in evidence. The exhibit has not been filed here and no suggestion has been made that the exhibit showed the effect of the project on other lands, although ordinarily it might be expected to do so.) We do not agree with appellant's apparent position that all matters depicted by a plat must be relevant and admissible on the issue being tried. Extraneous matter not reasonably calculated to affect the outcome does not render admission of the plat prejudicial error. 29 Am.Jur.2d, Evidence, § 784, p. 854.

In addition, at least a portion of the showing of how the project affected other land was necessary in order to demonstrate fully the route which Killion would have to take, via the Route T overpass, in order to gain access to the remaining 27.49-acre tract.

■ Appellant's second assignment of error relates to the use by defendant Killion of an unrecorded plat for the purpose of demonstrating how a portion of the 75-acre tract lying along Routes 61 and T might be subdivided into lots. On this appeal, the objection is that the use of this

plat injected a false issue of damages into the case because it permitted the jury to infer that the lots had a value which did not take into consideration the cost of development of the area for subdivision purposes. However, no such objection was raised at the trial. When Killion first sought to use the plat, the commission's attorney objected on the grounds that the plat had not been recorded. However, on this appeal, the commission concedes that the plat might have been used for showing the suitability of the land to its highest and best use and no longer places its objection upon the fact that the plat had not been recorded. See 29A C.J.S. Eminent Domain § 160, p. 689. No objection was made at the trial on the basis of the ground of error now asserted. "An appellant is not permitted to broaden the scope of his objection on appeal beyond that made in the trial court." Dwyer v. Globe-Democrat Publishing Co., Mo.Sup., 378 S.W.2d 570, 582 [8–10]. We, therefore, do not consider the grounds now asserted.

Appellant's final assignment of error is that the verdict is excessive and unsupported by substantial probative evidence and is the result of speculation, conjecture and exaggeration of appropriation.

■ Respondents produced six witnesses who testified to damages of between $120,-000 and $145,000. Killion testified to damages of $175,000. Two witnesses testified for the condemnor. One testified that the damage amounted to $54,000, the other $48,750.

In its argument on this point, appellant assigns a valuation of $40,000 for the 15 acres which might have been divided into lots of a value of $1,450 per lot and a value of $1,000 per acre for the other 60 acres of the tract (giving no value to the 27.49 acres remaining) and asserts that the highest verdict supported by the evidence would have been $100,600. However, this argument completely ignores the testimony of defendants' witnesses who testified to damages of from $120,000 to $145,000. Apparently appellant ignores this testimony on the theory that it was based upon a before-taking valuation of the 160 and 75-acre tracts owned by Killion as a unit, and an after-taking valuation of the 160 and what remained of the 75-acre tract, again as a unit. We need not here detail the basis for the witnesses' assumption because at the trial no objection was voiced by the commission to the witnesses' testifying on such basis. In fact, the only occasion on which the matter was raised was when defendants' counsel objected to the testimony of the commission's witnesses who stated that their testimony was based upon the before and after value of the 75-acre tract, considered alone. The objection was overruled, but at no time was objection made to the testimony of defendants' witnesses. That testimony, before the jury without objection, would support a verdict in excess of the $110,000 damages found. Having made no objection to such evidence, appellant cannot now assert that the verdict is not supported by the evidence.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.