Rose PLUMLEE, Plaintiff-Appellant,

v.

RAMSAY DRY GOODS COMPANY, Inc., Defendant-Respondent.

No. 8951.

Springfield Court of Appeals, Missouri.

Feb. 17, 1970.

Rehearing Denied March 12, 1970.

Garold L. Morlan, Buehner & Thomas, Joplin, for plaintiff-appellant.

Malcolm L. Robertson, Blanchard, Van Fleet & Robertson, Joplin, for defendant-respondent.

TITUS, Presiding Judge.

After "a few minutes" of mirror prinking to determine the acceptability vel non of a raincoat for sale in defendant's Economy Shop, plaintiff's right little finger encountered the whirling blades of a pedestaled fan as she undertook to remove the garment. Plaintiff sued for $3,500 damages. At the close of her evidence the trial court directed a verdict for the defendant and plaintiff, having no success with her motion for new trial, infra, has appealed.

■ On the day of the casualty, plaintiff went to defendant's shop as a business guest "to shop * * * for a rain coat." The store was housed on the ground floor of a building of unknown dimensions which ran lengthwise east and west with its front facing the west. In the salesroom, plaintiff selected and donned a coat to her liking and inquired concerning a mirror. She was directed to "the back room" (also of unknown size) which she gained via "a little larger" than ordinary doorway located in the south part of a north-south wall separating the salesroom from the back room. As she approached and passed through the opening, plaintiff observed the running fan which was "blowing air" into the salesroom. Plaintiff guessed the fan was "as tall as I am," and recounted that it was to her left as she walked from the salesroom and was "only a foot back into the back room." The fan "had a guard on the front" but plaintiff didn't know if it was guarded on the back or not, although she was well "aware of the fact if you got your finger in the fan it might get hurt." Upon reaching the doorway plaintiff espied the full length mirror on the east wall of the back room.

The mirror was also to plaintiff's left and "three or four feet" left of the fan. We are not informed of the east-west distance which separated the mirror from the fan. Plaintiff "stepped around in back of the fan and in front of the mirror" to gaze upon her reflection. In this position plaintiff "was facing east * * * the fan would be to the right of me * * * and right in back." Plaintiff didn't know "how far in feet" she was from the fan and didn't know if she could "see it in the mirror," but allowed that if she had looked she could have seen the fan. While standing in front of the mirror, the raincoat was on plaintiff's "mind at that time," yet she remained cognizant of the relative location of the objects in question and had not forgotten the fan was operating. Without changing position or looking where she was putting her hand, and without being detracted, startled or confused in any way, plaintiff demonstrated that "when I went to take it off I done like this and got my hand in the fan." Plaintiff's gestures to the jury in describing the occurrence, being unseen by us, cannot be considered on appeal [Caddell v. Gulf, M. & O. R. Co., Mo.App., 217 S.W.2d 751, 755(4)]; we must content ourselves with the statement that "This was simply a matter of your hand went out behind you and it got in the fan."

Save for specific exceptions not here germane, Civil Rule 79.03, V.A.M.R., provides that "Allegations of error, in order to be preserved for appellate review, must be presented to the trial court in a motion for a new trial." Plaintiff moved the trial court "that a new trial be granted * * * for the reason that the Court erred in sustaining the defendant's motion for directed verdict." This immediately confronts us with Beyer v. Pick, Mo.App., 428 S.W.2d 1, 3, where the court said: "There were no definite objections to the court's action in sustaining the motion and in directing a verdict for defendant. In plaintiff's motion for new trial none of the points urged here were specifically called to the court's attention, said motion merely reciting that 'the court erred in sustaining defendant's motion for a directed verdict at the close of plaintiff's evidence.' Under Civil Rule 79.03, V.A.M.R., it is necessary, in order to preserve for review any ruling of the trial court, to make definite objections thereto either at the trial or in the motion for new trial. Plaintiff has failed to do this with reference to the Court's ruling on the motion for a directed verdict. For that reason the judgment must be affirmed."

This court has recognized, as Rule 79.03 additionally provides, that a general allegation of error in a motion for new trial may suffice to preserve an issue for appellate review, provided that appellant "at the time the ruling or order * * * is made or sought, makes known to the [trial] court * * * his objection to the action of the court and his grounds therefor." Civil Rule 79.01, V.A.M.R.; Bailey v. Kershner, Mo.App., 444 S.W.2d 10, 12. While we surmise plaintiff undoubtedly objected to the directed verdict "during the trial," we do not know what, if any, grounds were given for the objection and, more importantly, we may not assume that the reasons expressed to the trial court were the same as those now urged upon appeal. Plaintiff is not to be permitted to broaden the scope of her objections on appeal beyond that made to the trial court. State ex rel. State Highway Commission v. DeLisle, Mo., 425 S.W.2d 938, 941; Dyer v. Globe-Democrat Publishing Co., Mo., 378 S.W.2d 570, 582(9).

From perusing the transcript we are aware that plaintiff did not plead failure to warn as a component of defendant's averred negligence, but the points and authorities she now employs to establish that she made a submissible case are, in part, concerned with that element. What other disparities may exist between plaintiff's trial theories or objections and those advanced here we, of course, do not know. Contentions not raised by pleadings or asserted in a motion for a new trial are not

available to plaintiff on appeal [Contour Chair-Lounge Company v. Laskowitz, Mo., 330 S.W.2d 817, 822(1)], for a case cannot be pleaded and tried in the trial court on one theory and on a different theory in the court of appeals. Huber v. Western & South. Life Ins. Co. of Cincinnati, Mo. App., 341 S.W.2d 297, 300(2).

The adage that the question of whether a submissible case was made is inherent in every suit on appeal, may be subject to gross misunderstanding if viewed out of its proper environment. The maxim was not designed to exculpate a plaintiff who disdained all effort to cope with the obligations imposed by Rule 79.03. See Nelson v. Kansas City, 360 Mo.(banc) 143, 148, 227 S.W.2d 672, 674(3, 4); Hughes v. St. Louis Natl. League Baseball Club, Inc., 359 Mo.(banc) 993, 997(2), 224 S.W.2d 989, 992(4, 5), 16 A.L.R.2d 904, 908; Wilson v. Tonsing, Mo., 375 S.W.2d 140, 141–142; Gibbs v. Bardahl Oil Company, Mo., 331 S.W.2d 614, 620(1); Millar v. Berg, Mo., 316 S.W.2d 499, 502(3); Lilly v. Boswell, 362 Mo. 444, 454, 242 S.W.2d 73, 77(11); Jordon v. Johnson, Mo.App., 411 S.W.2d 451, 452; Anderson v. Maneval, Mo.App., 410 S.W.2d 578, 581(1); Byers Bros. Real Estate & Ins. Agency, Inc. v. Campbell, Mo.App., 329 S.W.2d 393, 396.

We assure perspicacious counsel that their efforts have not been given short shrift, and so that it may not be properly asserted this appeal was determined on a legal technicality, as laymen are wont to say, we have, ex gratia, meticulously examined the record, the commendable briefs and the cited authorities. In this instance it is enough to note that the alternative duty given an occupier of premises to keep his property in a reasonably safe condition for an invitee or to warn the invitee of the dangerous conditions, applies only to conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like, in that they are known to the occupier but not known to the invitee and would not be observed by the latter in the exercise of ordinary care. Harbourn v. Katz Drug Company, Mo., 318 S.W.2d 226, 229, 74 A.L.R.2d 938, 944; Weber v. Hinds, Mo.App., 440 S.W. 2d 129, 132. Consequently, there is no liability by the occupier for injuries which result from obvious dangers, or those as well known to the injured plaintiff as to the occupier of the premises. McClure v. Koch, Mo.App., 433 S.W.2d 589, 593(5). In our opinion the plaintiff in this case was actually aware of every condition that the defendant could have been aware of, including the result, and it was proper for the trial court to direct a verdict for the defendant.

Because of Beyer v. Pick, supra, 428 S. W.2d at 3, and the reasons just stated, the judgment is affirmed.

STONE and HOGAN, JJ., concur.