Afton R. MOORE and Alice Moore,
Plaintiffs-Appellants,

v.

ROLLMO CORPORATION,
Defendant-Respondent.

No. 10457.

Missouri Court of Appeals,
Springfield District,
Division One.

Dec. 27, 1978.

Sherwood R. Volkman, St. Louis, for plaintiffs-appellants.

Tweedie Fisher, Jefferson City, for defendant-respondent.

TITUS, Judge.

A husband and wife sued for damages arising from injuries sustained by the husband at defendant's motel swimming pool on November 14, 1971. Plaintiffs alleged the husband had stepped into a negligently uncovered skimmer hole next to the pool, fallen sideways and struck his head on underwater steps.[1] In reliance on an ambulance attendant's recastings of the husband's statements following the incident, defendant asseverated the injuries resulted from the husband's negligent dive into the shallow end of the pool. The jury's verdict and the judgment entered thereon were for defendant and plaintiffs appealed.

■ Initially we note that by plaintiffs' notice of appeal, they have appealed from the circuit court's order denying their motion for a new trial which is a nonappealable order. This was error because the appeal should have been from the judgment entered on the verdict. Rule 81.04; §§ 512.020 and 512.050.[2] However, as we attribute to plaintiffs a good faith effort to appeal from the judgment, the notice of appeal shall be so considered. *Cox v. Lee*, 530 S.W.2d 273, 274[1] (Mo.App.1975); *Matter of Estate of Langford*, 529 S.W.2d 31, 32[1, 2] (Mo.App.1975); *Dors v. Wulff*, 522 S.W.2d 325, 326[1] (Mo.App.1975).

■ Apropos of plaintiffs' brief on appeal, we observe, sua sponte, that the

---

1. A skimmer hole was described as an opening affording access to a water surface drainage system of the pool which allows, via a screen, the collection and removal of floating debris.

2. References to rules and statutes are to Missouri Supreme Court Rules of Civil Procedure, V.A.M.R., and to Revised Statutes of Missouri, V.A.M.S.

"Statement of Facts" section is written in disregard of the mandate of Rule 84.04(c) which requires: "The statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a résumé of the testimony of each witness relevant to the points presented." In plaintiffs' brief the statement of facts does not contain a fair and concise statement relevant to the points relied on but, in chronological order, it simply and erroneously states a summarization of the pleadings and the testimony in the cause. Moreover, included in the statement of facts is a recasting of testimony with no pertinence to any points proffered for appellate determination. This disregard of the rule would warrant an immediate and summary dispatch of the appeal. *Graff v. Montileone*, 523 S.W.2d 131–132[1, 2] (Mo.App.1975); *Bryan v. Bryan*, 435 S.W.2d 745, 747–748[2] (Mo. App.1968). Nevertheless, to quiet the cry of "Technicality!" oft heard of appellate courts, we will consider plaintiffs' points on their merits where warranted.

■ Plaintiffs' first point relates to the trial court's denial of their "Motion in Limine." In the trial court the motion was to suppress "all evidence by defendant of alleged beer cans and whiskey cans [sic] in the [husband's motel] room prior to the accident." However, on appeal plaintiffs describe the motion as being one "to suppress any evidence relating to drinking" which is an obvious expansion of the motion actually made and overruled by the court. A party will not be permitted to successfully claim trial court error on ruling a motion which he amends and dilates only after appeal. *State ex rel. State Highway Commission v. DeLisle*, 425 S.W.2d 938, 941 (Mo. 1968). Furthermore, in the argument section of their brief under this point, plaintiffs assert that defendant's counsel asked the husband "if he had any alcoholic beverage including beer in any containers, on his person before the accident happened. Ob-

jection was made that such question was prejudicial to the plaintiffs' cause, but was overruled . . . ." The trouble with this argument is that it is not truthful. When the question was asked, albeit plaintiff husband answered, "No, sir", the court sustained the objection and instructed the jury "to disregard that question and any inference it might have." Courts do not appreciate nor condone false and misleading arguments whether made deliberately or inadvertently.

■ The first section of plaintiffs' second point relied on concerns a jocular remark made by the trial judge to prospective jurors before voir dire examination concerning, in general, the necessity of their sobriety as required by § 494.010. While we perceive no possible error in the remark, it suffices to note that as no mention of the matter was contained in plaintiffs' new trial motion, it is not available to them on appeal. *In re Marriage of Hanners*, 549 S.W.2d 941, 942[3] (Mo.App.1977); *Plumlee v. Ramsay Dry Goods Company*, 451 S.W.2d 603, 605–606[5] (Mo.App.1970).

■ The second part of plaintiffs' point II and their point III on appeal will be considered together. In substance and in these two points, plaintiffs charge that they were deprived of a fair trial because the trial judge, during a recess and in the absence of counsel, stated to the jury that "plaintiffs' counsel was not prepared, did not know the rules of the court, and did not know what he was doing," and because a juror, on voir dire, failed to disclose that she had once (or twice) swam in defendant's pool and subsequent to verdict declared she could not have voted for a verdict against defendant as she had never "seen the skimmer plate off from the skimmer hole."

With respect to these grounds for a new trial, the trial judge was vested with the function of the trier of the facts [*Donati v. Gualdoni*, 358 Mo. 667, 673, 216 S.W.2d 519, 522[11] (1948)], and he was not obliged to accept at face value either the affidavits

which accompanied the new trial motion nor the testimony proffered in support thereof. *State v. Harris*, 428 S.W.2d 497, 501 (Mo.1968).

■ As regards the alleged statements made by the judge to the jury during a recess on the first day of trial: Plaintiff husband testified that he did not tell his lawyer of this supposed happening until "after the trial" or the "next day" after the occurrence, whereas plaintiff wife testified she related the information to her attorney on the evening of the occurrence at the end of the first day of trial. Aside from the denial of the trial judge and a juror that such statements were made by the court, if the husband's account was true, it appears exceedingly strange that he would wait until after the trial was completed to report such a grave matter to his lawyer. On the other hand, if the wife's testimony was accurate, it is inconceivable that counsel would not have entered immediate objections to the judge's averred remarks rather than waiting to make the accusations in a motion for a new trial. We perceive no error in not granting a new trial on this portion of the motion.

■ With respect to that part of point III that the juror in question failed to disclose that she had once gone swimming in defendant's pool, it is enough to observe that no prospective juror was asked that or a similar question on voir dire examination by plaintiffs' counsel. No such question having been asked, there was no failure of disclosure and plaintiffs cannot now successfully complain of the matter because counsel failed to make proper inquiry. *State v. Murray*, 316 Mo. 31, 36, 37, 292 S.W. 434, 437[3 and 5] (1926); 50 C.J.S. Juries § 252, pp. 1014–1015.

Plaintiffs' testimony on the statement attributed by them to the juror are as irreconcilable as their testimony concerning the court's alleged remarks to the jury, supra. Plaintiff wife swore she overheard the juror's remarks as she was leaving the courtroom with her counsel's wife "directly behind me and my husband was directly behind her." To the contrary, plaintiff husband testified the juror's statement was made when plaintiffs were outside the courtroom—"I was smoking and we were standing around waiting for [our lawyer] to come out." With such disparities to consider on one hand and the juror's absolute denial that the remarks attributed to her were ever made, it is not surprising that the trial judge, as the trier of the facts, accepted the juror's testimony over that of the plaintiffs.

■ Point IV in plaintiffs' brief concerns the alleged error of the trial court in sustaining defendant's objection to the attempt of plaintiffs' counsel in closing argument to state his opinion concerning the lump sum in damages to which plaintiff husband was entitled. The merits vel non of this point relied on need not be decided. This for the reason that since the matter complained of would bear only on the extent of damages, the verdict for defendant demonstrates the jury never reached the issue of damages and plaintiffs cannot, therefore, be prejudiced by the court's ruling. *Beesley v. Howe*, 478 S.W.2d 649, 653[9] (Mo.1972); *Merritt v. Mantony*, 353 S.W.2d 768, 769 (Mo.1962).

Plaintiffs' point V asserts: "The totality of errors set forth in Points I through 4 [sic] constitute reversible error." However, as we have found no error in any point, it necessarily follows there cannot be a totality of errors.

Judgment affirmed.

FLANIGAN, P. J., STONE, J., and CAMPBELL, MOORE and KENNEDY, Special Judges, concur.