Robert Leonard SHELLI, Appellant,

v.

Raymond Dale HAGAN, Respondent.

No. 29476.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

H. George Lafferty, Jr., Kansas City, for appellant.

Ronald R. McMillin, Jefferson City, for respondent; Carson, Monaco, Coil & Riley, P. C., Jefferson City, of counsel.

Before HIGGINS, Special Judge, Presiding, WELBORN, Special Judge, and PRITCHARD, J.

PER CURIAM.

There was a unanimous verdict for defendant upon plaintiff's claims of damage for personal injuries and automobile property damage which resulted from a rear end collision.

Plaintiff's first point is that the trial court erred in excluding his testimony of his ownership of the vehicle he was driving. The point is ruled against plaintiff because the jury clearly found against him on the issue of defendant's liability and thus did not reach the issue of damages. Plaintiff could not have been prejudiced by the exclusion of the testimony. *Beesley v. Howe*, 478 S.W.2d 649, 653 (Mo.1972); *Lamb v. Heiligers*, 532 S.W.2d 820, 824[4] (Mo.App. 1975).

Points 2 and 3 relate to the giving of Instruction No. 4 concerning his contributory negligence. It is here contended that the instruction was not supported by the evidence, and that it failed to reference his conduct as being negligent to paragraph first of the instruction. Neither of these contentions were presented to the trial court in the motion for new trial, which contained with reference to Instruction No. 4, only this: "4. That the court erred in giving the converse instruction presented by the defendant based upon contributory negligence." No reason for error is stated so that the trial court could be informed of it and take appropriate action at that level to correct the error by granting a new trial. The contended errors are not preserved for review. Rule 78.07; *Chambers v. Kansas City*, 446 S.W.2d 833, 840 (Mo.1969); *Layson v. Jackson County*, 290 S.W.2d 109, 113 (Mo. 1956). It should be noted that counsel on this appeal was not trial counsel who filed the motion.

The judgment is affirmed.